IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

STATE FARM FIRE & CASUALTY
COMPANY, an Illinois Corporation,

    Plaintiff

vs.                         CIVIL ACTION NO:

ANDREW DOWNING and
JOSEPH MILLER LEAVITT,

    Defendant

## COMPLAINT

This is an action for declaratory judgment by State Farm Fire & Casualty Company (hereafter "State Farm") against Andrew Downing (hereafter "Downing") and Joseph Miller Leavitt (hereafter "Leavitt").

### Allegations of Jurisdiction

1. Jurisdiction is founded upon 28 U.S.C. §1332(a)(1) based upon diversity of citizenship and amount in controversy. This action is also governed by the provisions of the Federal Declaratory Judgment Act 28 U.S.C. §2201, et seq.

2. State Farm is a corporation organized and existing under the laws of the state of Illinois with its principal place of business in Bloomington, IL.

3. The defendant Downing is an adult resident citizen of Lauderdale County, Alabama and the defendant Leavitt is an adult resident citizen of Madison County, Alabama.

4. This case involves the liability of State Farm under policies of insurance issued by it to James Downing and Karen Downing under which the defendant Andrew Downing is an insured. The limit of liability under the policy of insurance issued by State Farm exceeds $75,000.00. The claim of the defendant Leavitt exceeds $75,000.00.

5. Jurisdiction is based upon diversity of citizenship of the parties and the amount in controversy which exceeds $75,000.00, exclusive of interest and costs.

1

## Operative Allegations

6. On or about February 2, 2002, the defendant Leavitt was a guest at the home of his parents located at 229 Lee Avenue, Florence, Alabama. He awoke early that morning to see a fire burning in an outbuilding on the property occupied by the defendant Downing. As Leavitt went to warn the occupants of the Downing household of the fire, he was beaten over the head and body by defendant Downing using an aluminum baseball bat. Defendant Leavitt claims to have suffered cuts and lacerations to his head and body; bruises and contusions to his head and body; muscle sprains and strains and other internal injuries and bone fractures. Defendant Leavitt claims that he may be caused to undergo future surgeries; that his normal activities and normal enjoyment of life has been prevented and that he has suffered physical pain and mental anguish and will continue to do so in the future. Defendant Downing does not dispute that he struck the defendant Leavitt but claims that the actions by him were in self defense.

7. Defendant Leavitt has filed suit claiming damages from the defendant Downing. This case is presently pending in the Circuit Court of Lauderdale County, Alabama; CV03-518. A copy of this suit is attached to this Complaint at Tab "A."

8. State Farm is providing defendant Downing with defense in the aforesaid civil action under a reservation of rights under which it agrees to defend Downing without waiver of any policy defenses including the right to discontinue representation of Downing. This defense is pursuant to a homeowners policy (01-B7-8798-6) issued to James Downing and Karen Downing under which Andrew Downing is an insured.

9. State Farm denies that it has any duty to further defend or indemnify defendant Downing for any claims asserted in the aforesaid civil action arising out of the incident which occurred on February 2, 2002.

10. The policy of homeowner's insurance (policy number: 01-B7-8798-6) agrees to insure against claims made against an insured arising out of an "occurrence." The policy defines an "occurrence" as follows:

> 7. **Occurrence**, when used in Section II of this policy, means an accident, including exposure to conditions, which results in:
>
> a. **Bodily injury**; or
> b. **Property damage**;
>
> during the policy period. . . .:

11. In addition to the insuring agreement under the policy, the liability coverage

2

of the policy also contains the following exclusion from coverage:

    1. Coverage L and Coverage M do not apply to:

        a. **Bodily injury** or **property damage**:

           (1) Which is either expected or intended by the **insured**; or
           (2) Which is the result of willful and malicious acts of the **insured**.

12. State Farm alleges that it is not required either to defend further or indemnify Downing against the claims of Leavitt because the acts of which he is charged in the Circuit Court complaint were not an "accident" and, therefore, do not qualify as an insured "occurrence."

13. State Farm further alleges that even if the acts of Downing are considered an "occurrence" such acts on his part are specifically excluded by Exclusion 1, set out above. It is alleged that the defendant Downing possessed a specific intent to cause bodily injury to Leavitt when he struck him in the head with an aluminum baseball bat on one or more occasions or in the alternative he had a high degree of certainty that bodily injury would result from a blow with an aluminum baseball bat to the head of another.

14. State Farm alleges that the claim of self defense by Downing is not an exception to the intended or expected injury exclusion and that such acts on his part would be excluded even if done in self defense.

15. Although the underlying action has not proceeded to judgment, there is no dispute in the underlying action that the defendant Downing struck the defendant Leavitt about the head with an aluminum baseball bat. The only disputed matter between the parties is the reason for the attack. This case is, therefore, ripe for decision on whether State Farm owes indemnity to the defendant Downing.

16. A copy of the State Farm policy is attached at Tab "B" and made a part of this Complaint as if fully set out herein.

Wherefore, plaintiff State Farm Fire & Casualty Company prays that the Court will accept jurisdiction of this case and upon a hearing in this case will order and declare its judgment to be that it is not obligated to defend further nor pay any judgment which might be rendered against the defendant Andrew Downing in civil action CV03-518 which is presently pending in the Circuit Court of Lauderdale County, Alabama, in favor of the defendant Joseph Miller Leavitt. State Farm prays for such other and further relief as to which it is entitled in the premises.

L. Tennent Lee, III
Attorney for Plaintiff
State Farm Fire & Casualty Company
Wilmer & Lee, P.A.
P. O. Box 2168
Huntsville, Alabama 35801
(256) 533-0202
(256) 533-1317 Fax

4

EXHIBITS

NOT

SCANNED